**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-04-3727 |
| | § | |
| $109,086.00 (ONE HUNDRED NINE | § | |
| THOUSAND, EIGHTY-SIX | § | |
| DOLLARS) | § | |
| AND | § | |
| $42,350.00 (FORTY-TWO | § | |
| THOUSAND, THREE HUNDRED | § | |
| FIFTY DOLLARS) | § | |
| IN UNITED STATES CURRENCY | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

In this civil forfeiture action, claimants have filed a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted and, in the alternative, a Rule 12(e) motion for a more definite statement. Based on the pleadings; the motions, responses, and replies; the parties' submissions; and the applicable law, this court denies both motions, for the reasons stated below.

**I.    Background**

On September 24, 2004, the government filed its complaint for forfeiture *in rem* against $109,086.00 seized in Houston, Texas and $42,350.00 seized in Arlington, Texas. The seizures took place during the execution of search warrants at offices shared by U.S.

Tours & Remittance, Inc., a California corporation in the money remittance business, and U.S. Tours, a sole proprietorship in the travel agency business. Dong Dang Hyunh is the owner of U.S. Tours and the president and chief executive officer of U.S. Tours & Remittance, Inc. The two entities are collectively referred to as "U.S. Tours." Hyunh filed a statement of interest on behalf of the two entities and himself as owner of the sole proprietorship, claiming that the money was "routine proceeds and/or operating cash."

Huynh and six others were indicted in Cr. H-04-144 on charges of money laundering and currency transaction reporting violations. The original indictment alleged that money laundering offenses were conducted at U.S. Tours from September 2003 through March 14, 2004. In a superseding indictment, Huynh was not included among the defendants. The superseding indictment alleged only financial transaction reporting violations, not money laundering.

In the civil forfeiture complaint, the government specifically identified alleged money laundering violations: $50,000 in September 2003; $110,000 in October-November 2003; $200,000 in December 2003; $150,000 in January 2004; $200,000 in February 2004; and $100,000 in March 2004. (Docket Entry No. 1, ¶ 9). The government alleged that in August 2003, Nguyen The Truong was approached at U.S. Tours in California to move "illegally obtained money from California to Houston, Texas without any paperwork," for an initial fee of one percent. (*Id.*, ¶ 11). The complaint alleged that the money was represented to Truong as "proceeds obtained from drug trafficking and credit card fraud violations." (*Id.*). Truong responded that he needed to move $100,000 a week. (*Id.*). The government alleged

that the fees for moving the money are property involved in the offense. (*Id*., ¶ 11).

The government also alleged that U.S. Tours and Huynh have filed very few Currency Transaction Reports, despite making a very large number of deposits that required such reports. The government alleged that documents recovered from the Houston office show that U.S. Tours conducted financial transactions in cash without reporting those transactions, citing receipts for cash transactions without corresponding required Currency Transaction Reports. (*Id*., ¶ 14). In addition, in February 2004, FBI agents saw people walking into the Houston U.S. Tours office carrying a "bag or suitcase," and then saw a U.S. Tours employee counting stacks of bills with a money counter. The government alleged that "[l]arge sums of cash is consistent with unlawfully obtained proceeds, particularly drug proceeds." (*Id*., ¶ 13).

The forfeiture complaint was filed under 21 U.S.C. § 881, 18 U.S.C. § 981, 31 U.S.C. § 5317, and 18 U.S.C. § 984. Section 881(a)(6) provides:

> All moneys . . . furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys . . . used or intended to be used to facilitate any violation of this subchapter [are subject to forfeiture to the United States.]

Section 981(a)(1)(A) and (C) provide for forfeiture of:

> (A) [a]ny property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960 of this title [18 U.S.C.S. §§ 1956, 1957, or 1960], or any property traceable to such property.
>
> (C) Any property, real or personal, which constitutes or is

3

>derived from proceeds traceable to a violation . . . .

Section 5317(c)(1)(A) provides:

>The court in imposing sentence for any violation of section 5313, 5316, or 5324 of this title [31 U.S.C.S. §§ 5313, 5316, or 5324], or any conspiracy to commit such violation, shall order the defendant to forfeit all property, real or personal, involved in the offense and any property traceable thereto.

Finally, section 984(a)–(b) states:

>(a) (1) In any forfeiture action in rem in which the subject property is cash, monetary instruments in bearer form, funds deposited in an account in a financial institution (as defined in section 20 of this title [18 U.S.C.S. § 20]), or precious metals—
>
>>(A) it shall not be necessary for the Government to identify the specific property involved in the offense that is the basis for the forfeiture; and
>>
>>(B) it shall not be a defense that the property involved in such an offense has been removed and replaced by identical property.
>
>(2) Except as provided in subsection (b), any identical property found in the same place or account as the property involved in the offense that is the basis for the forfeiture shall be subject to forfeiture under this section.
>
>(b) No action pursuant to this section to forfeit property not traceable directly to the offense that is the basis for the forfeiture may be commenced more than 1 year from the date of the offense.

Each ground for the motion to dismiss or for more definite statement, and the response, are analyzed below.

## II. The Applicable Legal Standards

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) dismissal is appropriate only where no set of facts in the complaint allegations would entitle the plaintiff to relief. *Scanlan v.*

*Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). The court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Id.* In order to avoid dismissal, however, a court need not "accept as true conclusory allegations or unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quoting *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994)).

"If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." FED. R. CIV. P. 12(e). However, "the class of pleadings that are appropriate subjects for a motion under Rule 12(e) is quite small. . . . the pleading must be sufficiently intelligible for the district court to be able to make out one or more potentially viable legal theories on which the claimant might proceed. . . ." 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1376 (3d ed. 2004). A motion for a more definite statement is used to provide a remedy only for an unintelligible pleading rather than a correction for lack of detail. *Davenport v. Rodriguez*, 147 F. Supp. 2d 630, 639 (S.D. Tex. 2001).

In a civil forfeiture action, the government must meet Supplemental Rule E(2)(a), which requires that the complaint "state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading." *United States v. $49,000 Currency*, 330 F.3d 371, 376 n.8 (5th Cir. 2003). The

particularity requirement is "one part of the process which guards against the improper use of [] seizure proceedings." *United States v. Mondragon*, 313 F.3d 862, 865 (4th Cir. 2002) (quoting *Riverway Co. v. Spivey Marine Harbor Serv. Co.*, 598 F. Supp. 909, 913 (S.D. Ill. 1984)). This pleading requirement is "subject to the general standard that the complaint sufficiently notify the defendant of the incident in dispute and afford a reasonable belief that the claim has merit." *Id.* The Fifth Circuit has interpreted Rule E(2)(a) as requiring the government to allege "facts supporting a reasonable belief that it will be able to bear its burden at trial." *$49,000 Currency*, 330 F.3d at 376 n.8 (citing *Mondragon*, 313 F.3d at 865).

The Civil Asset Forfeiture Reform Act of 2000 (CAFRA), 18 U.S.C. § 983(c), changed the government's burden of proof at trial from a showing of probable cause to proof by a preponderance of the evidence that the defendant property is subject to forfeiture. *$49,000 Currency*, 330 F.3d at 376 n.8. Although CAFRA increased the government's burden at trial, post-CAFRA cases have continued to hold that under Rule E(2)(a), a complaint must "allege sufficient facts to support a reasonable belief that the property is subject to forfeiture." *Mondragon*, 313 F.3d at 865; *United States v. All Funds on Deposit in Dime Sav. Bank of Williamsburg Account No. 58-400738-1*, 255 F. Supp. 2d 56, 69 n.19 (E.D.N.Y. 2003). "[T]here is no requirement that *all* of the facts and evidence at the government's disposal be pled in the complaint; the government must simply plead enough specific facts for the claimant to understand the government's theory, file a responsive pleading . . . and undertake her own investigation." *Dime Sav. Bank*, 255 F. Supp. 2d at 69.

CAFRA clarifies that "[n]o complaint may be dismissed on the ground that the Government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property." 18 U.S.C. § 983(a)(3)(D).

## III. Analysis

Claimants' motion to dismiss asserts that the government's complaint fails to meet the pleading requirements of Rule E(2)(a).[1] Claimants interpret Rule E(2)(a) as requiring the government to allege specific facts demonstrating a connection between the currency seized from the two U.S. Tours offices and the illegal activity alleged in the government's complaint. Claimants contend that the government fails to meet this burden. (Docket Entry No. 7, ¶ 4). In their reply to the government's response to the motion to dismiss, claimants attach a sample form that would satisfy the pleading requirements by alleging facts demonstrating how the seized money and the alleged offenses are connected. (Docket Entry No. 10, Exhibit A).

Claimants do not, however, acknowledge the numerous connections the government has alleged. The government alleged that the seized money included the service fee for specific money laundering violations conducted "at or by U.S. Tours," and that this money was derived from drug trafficking and credit card violations. (Docket Entry No. 1, ¶¶ 9, 11).

---

[1] Claimants also argue for dismissal of the government's complaint because it seeks an excessive amount, in violation of the Eighth Amendment. (Docket Entry 7, ¶14). This argument is not well developed in the motion and, in any case, necessarily requires comparison of the ultimate amount of money sought to be forfeited to the gravity of the defendant's offense. *U.S. v. Bajakajian*, 524 U.S. 321, 334 (1998) (holding that a forfeiture is excessive "if it is grossly disproportional to the gravity of a defendant's offense"). This argument is not properly raised in the motion to dismiss, but after the precise amount of the property forfeited and the evidence of the underlying offense are in the record and can properly be compared.

It alleged that U.S. Tours repeatedly failed to file Currency Transaction Reports for numerous cash deposits made by U.S. Tours or Huynh, in excess of $10,000.00.  (*Id.*, ¶ 12). The government also alleged that U.S. Tours representatives in the Houston and Arlington offices knowingly assisted with money laundering transactions and knowingly violated the federal currency reporting requirements.  (*Id.*, ¶ 15).  At the pleading stage, the government must allege facts that "are sufficient to support a reasonable belief that [the elements of its case] are met," and that allow the claimant to "commence an investigation of the facts and to frame a responsive pleading."  *$49,000 Currency*, 330 F.3d at 376 n.8.  The allegations meet this standard.  The particularity requirement of Rule E(2)(a) may be satisfied by providing "specific information about the date and location of the seizure, the amount of money seized, and the claimant's actions on the date of seizure."  *United States v. Funds in the Amount of $29,266.00*, 96 F. Supp. 2d 806, 810 (N.D. Ill. 2000) (quoting *United States v. Funds in the Amount of $9,800*, 952 F. Supp. 1254, 1259 (N.D. Ill. 1996).  The government's complaint also provides this level of detail.

Claimants also argue that the government has failed to plead sufficient facts to demonstrate that any of the allegedly unlawful activities committed by U.S. Tours employees were done by, through, or on behalf of claimants. (Docket Entry No. 7, ¶¶ 7–10). The government alleged that the service fees charged represented a percentage of illegally obtained money and that "representatives of U.S. Tours" knowingly engaged and assisted in the laundering of proceeds of illegal activity and in currency reporting violations.  (Docket Entry No. 1, ¶¶ 11, 15).  The government named a specific person, Nguyen The Truong, and

alleged that he agreed to move proceeds from drug trafficking and credit card fraud violations from California to Texas without the required paperwork, for a service fee that was included in the defendant property. (*Id.*, ¶ 11). Claimants stipulate that Truong was a U.S. Tours employee. (Docket Entry No. 7, ¶ 10). The government has satisfied the standard of Supplemental Rule E(2)(a).

Third, claimants argue that the government has not demonstrated sufficiently that U.S. Tours was either obligated to or failed to file required Currency Transaction Reports (CTRs). Financial institutions must file a CTR with the Financial Crime Enforcement Network for currency transactions that exceed $10,000.00. 31 U.S.C. §§ 5312–5313. The government alleged that U.S. Tours is a financial institution subject to the requirements for filing CTRs when appropriate. Docket Entry No. 1, ¶ 6; *see also* 31 U.S.C. § 5312(a)(2)(R). The government alleged that for each of the specified transactions, a CTR was required but not filed. (*Id.*, ¶ 10). The government also points to three separate transactions in February 2004 for amounts well in excess of $10,000, for which U.S. Tours failed to file CTRs. (*Id.*, ¶ 14). These allegations are sufficiently particular to enable claimants to investigate the facts and to frame a responsive pleading, meeting the requirements of E(2)(a).

Finally, claimants contend that the alleged "money laundering service fees" cannot be traced to the money seized at the U.S. Tours offices in Houston and Arlington and that there is no connection between the defendant currency and the alleged currency reporting violations. (Docket Entry No. 7, ¶ 13). The government, however, alleged that all proceeds of a drug-related offense are subject to forfeiture and that, with cash, forfeiture of identical

9

property found in the same place or account as the property involved in the offense is also proper. Docket Entry 1, ¶ 1; *see also* 21 U.S.C. § 881(a)(6); 18 U.S.C. § 984(a). It further alleged that it may bring a forfeiture proceeding against money involved in violations of CTR requirements. *Id.*; *see also* 31 U.S.C. § 5317(c). The government specifically alleged violations of these statutes as the basis for forfeiture.

Claimants correctly identified the pleading standard under Rule E(2). The government must allege sufficient facts and circumstances from which the claim arises to enable the defendant or claimant to begin investigating those facts and frame a responsive pleading. But the claimants blur the line between pleading and proof. The government need not set out the evidence of its allegations in its complaint or plead every fact at its disposal. 18 U.S.C. § 983(a)(3)(D); *United States v. All Funds on Deposit in Dime Sav. Bank of Williamsburg Account No. 58-400738-1*, 255 F. Supp. 2d 56, 69 (E.D.N.Y. 2003). The government's complaint has met the pleading standards of Rule 12(b)(6) and Supplemental Rule E(2).

**IV.  Conclusion**

Claimants' Rule 12(b)(6) motion to dismiss and its alternative Rule 12(e) motion for a more definite statement are denied.

SIGNED on August 10, 2005, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge